UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:06-CV-00360-F

| | |
|---|---|
| PAUL MICKELSEN and<br>BARBARA MICKELSEN,<br><br>   Plaintiffs<br><br>v.<br><br><br>WARREN COUNTY,<br>NORTH CAROLINA,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   ORDER |

This matter is before the court on the parties' cross-motions for summary judgment. Both motions have been fully briefed and are ripe for disposition.

## I. STATEMENT OF THE CASE

This case arises out of a petition for rezoning brought by Paul and Barbara Mickelsen ("the Mickelsens") in Warren County for the rezoning of their property located at 1362 River Road in Roanoke Township, Warren County, North Carolina. The Mickelsens sought a rezoning of their property from "Residential" to "Neighborhood Business." *See* Compl. ¶ 7 [DE-1]. Acting on the petition, on July 10, 2006, the Warren County Board of Commissioners ("the Board of Commissioners"), after taking an initial vote to rezone, ultimately voted to deny the Mickelsens' rezoning petition, leaving the Mickelsens' property zoned "Residential." Thereafter, the Mickelsens initiated the instant suit on September 7, 2006, against Warren County, alleging that the decision by the Board of Commissioners not to rezone their land violates state and federal law.

Specifically, the Mickelsens allege in their Complaint [DE-1] that the Board of Commissioners failed to adhere to North Carolina statutes regarding notice and hearing requirements when the Board chose to reconsider its first vote to rezone the Mickelsens' property at the July 10, 2006, zoning meeting. *See* Compl. ¶ 8 [DE-1]. The Mickelsens also allege that the actions of the Board of Commissioners on July 10, 2006, entitle them to recovery under 42 U.S.C. § 1983 for violations of their due process rights as secured by the Fifth and Fourteenth Amendments to the United States Constitution and Article I of the North Carolina Constitution, and for the violation of the Equal Protection Clause as secured by the Fourteenth Amendment of the United States Constitution.

On October 31, 2006, Warren County filed an Answer [DE-9] to the Mickelsens' complaint, and the parties thereafter engaged in discovery. On May 14, 2007, Warren County filed its Motion for Summary Judgment [DE-18]. On the following day, May 15, 2007, the Mickelsens filed their own Motion for Summary Judgment [DE-20]. Both the plaintiffs [DE-25] and the defendant [DE-26] filed responses to the respective motions for summary judgment on June 4, 2007. On June 14, 2007, Warren County filed its Reply to the Mickelsens' Response [DE-29] and on June 21, 2007, the Mickelsens' filed their Reply to Warren County's Response [DE-31]. On the same day, the Mickelsens' also filed a Motion to Amend/Correct Plaintiffs' Motion to Supplement Response Brief and Response to Defendant's Request to Strike Documents [DE-32]. Each party contends that there are no genuine issues of material fact as to the Mickelsens' claims for violations of the North Carolina General Statutes and for violations of state and federal due process clauses, and that this case should be decided as a matter of law

pursuant to Federal Rules of Civil Procedure 56(c). Warren County additionally seeks summary judgment as to the Mickelsens' Equal Protection claim.

## II. STATEMENT OF THE FACTS

The Mickelsens are the owners of a parcel of real property located at 1362 River Road in Roanoke Township, Warren County, North Carolina. The Warren County Zoning Ordinance originally zoned the Mickelsens' land for use as "Residential" property. *See* Pl.'s Mot. Summ. J., Ex. 9 [DE-20]. In 2006, the Mickelsens filed a "Petition for Rezoning," requesting the county to rezone their property from Residential to Neighborhood Business. *See* Pl.'s Mot. Summ. J., Ex. 11 [DE-20]. Thereafter, the Warren County Planning Board heard the Mickelsens' petition on April 11, 2006, and voted to it give a favorable recommendation. The Planning Board's recommendation was then forwarded to the Board of Commissioners for consideration.

On July 10, 2006, the Board of Commissioners, after following proper notice procedures, held a public hearing on the Mickelsens' Petition for Rezoning. After the public hearing was closed, the Board of Commissioners voted four to one in favor of the Mickelsens' Petition for Rezoning. Half an hour after the initial vote was taken and cast in their favor, the Mickelsens left the meeting and did not return. Soon after, while the meeting was still in session, the Board of Commissioners entertained a Motion to Reconsider the vote on the Mickelsens' Petition for Rezoning. This time, the Board voted three to two against the rezoning. As a result of this vote, the Mickelsens' property was not rezoned to Neighborhood Business, but instead remained zoned Residential.

The Mickelsens allege that the Board's second vote was taken in violation of the "required statutory and/or County procedures" and, therefore, filed the instant suit

3

against Warren County asking that this court declare the Board's second vote to disallow the Mickelsens' Petition for Rezoning "illegal, void and of no effect." *See* Compl. [DE-1]. Accordingly, in their motion for summary judgment, the Mickelsens ask that this court rule as a matter of law as to each of their claims arising from that second vote. These claims include: 1) that the Board acted "arbitrarily and capriciously" in taking the second vote; 2) that the second vote was a violation of their federal rights under 42 U.S.C. § 1983; and, 3) that, in voting, the Board, acted "beyond the scope of its powers under the North Carolina General Statutes." *See* Pl.'s Mot. Summ. J. 1 [DE-20]. The Mickelsens do not, however, seek summary judgment as to their Equal Protection Claim.

In its motion for summary judgment, the defendant, Warren County, argues that the second vote taken by the Board of Commissioners was in accordance with both North Carolina statutory and Warren County procedural requirements and asks that this court grant its motion for summary judgment as to each of the Mickelsens' claims arising out of their allegation that the vote was invalid. Warren County also seeks summary judgment as to the Mickelsens' claim that the Board's actions in denying their petition for rezoning had no rational basis and, thus, constituted a violation of their Equal Protection rights under 42 U.S.C. § 1983.

### III. STANDARD

Both Plaintiffs and Defendant have moved for summary judgment in this case, arguing that there are no issues of material fact and that judgment as a matter of law is therefore appropriate. *See* FED. R. CIV. P. 56(c). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

4

When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The party opposing summary judgment may not rest upon mere allegations or denials; a "mere scintilla" of evidence is insufficient to overcome summary judgment. *See Anderson*, 377 U.S. at 245-52. Summary judgment is, therefore, appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322-23.

## IV. <u>ANALYSIS</u>

The Mickelsens argue that summary judgment in their favor is appropriate because: 1) the County's actions on July 10, 2006, were outside the scope of, and therefore violated, North Carolina statutory law; 2) the County's decision not to rezone the Mickelsens' property was arbitrary and capricious as a matter of law; and, 3) that the County's decision was in violation of 42 U.S.C. § 1983 based on state and federal due process.[1] Warren County also seeks summary judgment in its favor as to each of these issues, as well as to the Mickelsens' Equal Protection claim. The court will examine each of the claims in turn.

---

[1] The court has reviewed and hereby ALLOWS the plaintiffs' Motion to Amend/Correct Plaintiffs' Motion to Supplement Response Brief and Response to Defendant's Request to Strike Documents [DE-32]. The court furthermore is in receipt and takes notice of the plaintiffs' Notice of Filing, Submission of Subsequently Decided Authority at [DE-38].

## A. North Carolina Statutory Law

Both parties have moved for summary judgment as to the issue of whether the Board of Commissioners acted within the scope of North Carolina statutory mandates when they voted ultimately not to rezone the Mickelsens' property. Two questions compose the core of the parties' cross-motions for summary judgment as to these state law issues. The first is whether the Board of Commissioners were authorized to move for the reconsideration of a zoning vote held previously during the same meeting. Second, if the Board were authorized to so move, to what notice were the Mickelsens entitled before the Board members cast their second vote? The Mickelsens argue the Board of Commissioners of Warren County was not authorized by the North Carolina General Statutes, nor by the Warren County Rules of Procedure, to reconsider the first vote in favor of the Mickelsens' petition taken at the July 10, 2006 meeting. The Mickelsens further argue that the Board of Commissioners was required by North Carolina law to provide the landowners with additional notice and a new hearing before a second vote could validly take place. Finally, the Mickelsens contend that the second vote of the Board of Commissioners is invalid because it did not comply with Warren County's Comprehensive Land Plan.

### 1. Authorization

In determining whether the actions of the Board of Commissioners were authorized, the North Carolina General Statutes are controlling. North Carolina law provides that a board of commissioners "may adopt its own rules of procedure" for use in conducting its meetings. N.C. GEN. STAT. § 153A-41. Accordingly, prior to July 10, 2006, the Board of Commissioners adopted the Rules of Procedure for Warren County

("Warren County Rules"). Aff. Jacob Wellman [DE-19], Ex. A. The Warren County Rules provide for the appropriate "Procedural Motions" that may be made at any meeting of the Board. Included therein is the proper manner in which to make a motion "To Reconsider" a previous vote. *See* Warren County Rules of Procedure, Rule 20(b)(12). According to the Warren County Rules, an appropriate motion to reconsider "must be made at the same meeting at which the original vote was taken, and by a member who voted with the prevailing side." *Id.* Furthermore, a motion to reconsider is properly made "at any time before adjournment." *Id.* A majority vote is then required to vacate the original vote and permit a new vote to take place.

On July 10, 2006, Commissioner Luke Lucas voted with the majority in the first zoning vote to rezone the Mickelsens' property from "Residential" to "Neighborhood Business." As a part of the majority in the first vote, Commissioner Lucas was authorized by the Warren County Rules to make a motion to reconsider that vote at any time before the meeting adjourned. Accordingly, Commissioner Lucas made the motion to reconsider approximately one hour after the first vote was cast, but before the meeting was adjourned. *See* Compl. ¶ 15 [DE-1]. The motion to reconsider was duly passed with a vote of four to one. Thus, the motion to reconsider was in accordance not only with the Warren County Rules, but also with the North Carolina statutory provision allowing for each county to create its own rules of procedure.

Nevertheless, the Mickelsens argue that the procedural rule at issue here, Rule 20(b)(12), does not explicitly provide for reconsideration of a zoning vote. This court, however, in accordance with controlling North Carolina precedent, gives wide deference to the county in its interpretation of its own rules and ordinances. *See City of Charlotte*

*v. Cook*, 498. S.E.2d 605, 609 (N.C. 1998)(giving deference to the local governmental legislative functions in condemnation proceedings); *Rauseo v. New Hanover County*, 454 S.E.2d 698, 700 (N.C. Ct. App. 1995)(affording deference to the Board of Commissioners' interpretation of the zoning ordinance was appropriate as long as the interpretation was reasonable). Therefore, where the Warren County Rules set forth no restrictions as to the kinds of votes that may be reconsidered, the Board's decision to use that Procedural Motion to reconsider a zoning vote was not unreasonable, nor was the vote taken in violation of North Carolina law or the Warren County Rules.

### 2. Notice of Second Vote

After determining that the Board of Commissioners was authorized to reconsider its first zoning vote at the July 10, 2006 meeting, the next question is whether the Mickelsens were entitled to additional notice and a new hearing before a second vote was cast. The North Carolina General Statutes set forth the appropriate procedure for providing a landowner with proper notice of an impending public hearing that may affect the zoning status of his property. Before a valid amendment to a county's zoning ordinance may take place, the landowner must receive notice between ten and twenty-five days prior to the public hearing. N.C. GEN. STAT. §153A-343(a). In the instant case, the Mickelsens concede that they received adequate notice of the July 10, 2006 public hearing in accordance with the statute. *See* Compl. ¶ 10 [DE-1]. The Mickelsens argue, however, that their land was rezoned immediately following the first vote, and, therefore, notice and hearing was required before a second vote could be cast. Conversely, the County contends that the Mickelsens' land was not rezoned after the first vote, but that the actual rezoning required additional action. The determination of

8

when the actual rezoning occurs turns on the Warren County's zoning ordinance amendment procedure. Aff. Jacob Wellman [DE-19], Ex. B1.

According to the North Carolina General Statutes, a "board of commissioners shall provide for the manner in which zoning regulations and restrictions and the boundaries of zoning districts shall be determined, established, and enforced, and from time to time amended." N.C. GEN. STAT. § 153A-343(a). In accordance with this statute, the Board of Commissioners adopted a Zoning Ordinance for Warren County, North Carolina ("Zoning Ordinance") in June of 1985. The Warren County Zoning Ordinance sets forth the zoning districts, county regulations, and also includes the procedure for effecting amendments thereto.

In order to amend the zoning status of a particular area of land, a petitioner must first submit to the secretary of the Warren County Planning Board a "Petition for Rezoning." *See* Zoning Ordinance for Warren County, North Carolina, Art. X, ¶ 2, Aff. Jacob Wellman [DE-19], Ex. B1. After a landowner has submitted his "Petition for Rezoning" to the Planning Board, the Planning Board shall then, according to the Zoning Ordinance, submit its own recommendation to the Board of Commissioners within forty-five days in anticipation of a public hearing. At the public hearing, a majority vote by the Board of Commissioners is required to approve or deny the petition. *See id.* ¶ 3.[2]

---

[2] Although the Mickelsens argue that the Zoning Ordinance requires a four-fifths majority vote by the Board of Commissioners in order to defeat the Planning Board's zoning recommendation, a March 1, 2005 amendment to the Zoning Ordinance changed the voting requirement to a simple majority. *See* Zoning Ordinance for Warren County, North Carolina, Art. X (Amended March 1, 2005)[DE-19], Ex. B1.

9

Even if the Board of Commissioners votes to amend, the Zoning Ordinance procedures make clear that "no amendment to this ordinance which involves matter portrayed on the map shall become effective until after such change and entry has been made on said map." *Id.* at Sec. II-8. The referenced map is the "Official Zoning Map, which shall be located in the Zoning Administrator's Office" and it is this map that "shall be the final authority as to the current zoning status of land, water areas, and buildings in Warren County." *Id.*

The Mickelsens followed the Warren County amendment procedure by presenting the Planning Board with their "Petition for Rezoning," to rezone their property from "Residential" to "Neighborhood Business." *See* Compl. ¶ 8 [DE-1]. The Planning Board duly submitted to the Board of Commissioners its recommendation to approve the petition, and the Board of Commissioners then provided the Mickelsens with appropriate notice of the July 10, 2006 public hearing on their petition. *See* Compl. ¶ 10 [DE-1]. After the public hearing ended, the Board of Commissioners voted to approve the Mickelsens' petition by a vote of four to one. According to the Zoning Ordinance amendment procedure, however, the property was not immediately rezoned. As explained above, in order for the rezoning to take effect, the change must be entered on the Official Zoning Map for Warren County. This change does not, therefore, occur at the zoning meeting. Thus, when the Mickelsens left the meeting after the first vote was cast, their property had not yet been rezoned and, thus, no additional notice or hearing was required by the North Carolina statutes or the Warren County Rules before a second vote could be held.

The Mickelsens still argue, however, that North Carolina case law holds that "additional notice is required in order for a local governing board to reconsider and reverse a previous decision." *See* Pl's. Mot. Sum. J. at p. 11 [DE-21]. None of the cases, however, cited by the Mickelsens support this view in the context of the instant case. For example, in *Orange County v. Heath,* 180 S.E.2d 810 (N.C. 1971), a case cited by the Mickelsens in support of their argument, a second vote by the Board of Commissioners was held one week *after* the first meeting was adjourned and, therefore, the North Carolina Supreme Court required notice be afforded to the landowners of the second hearing. *Id.* at 813. Here, Warren County's own Rules of Procedure require that the motion to reconsider a vote must be made before the meeting's adjournment.

Moreover, neither the Warren County Rules of Procedure nor its Zoning Ordinance conflict with the North Carolina General Statutes such that they must be made to yield to statutory authority. As stated above, the Zoning Ordinance clearly states that property is not rezoned until the change is entered onto the Official Zoning Map of Warren County. No North Carolina law requires a different rule in this context. Thus, when the Mickelsens chose to leave the July 10, 2006 meeting before its adjournment, the possibility existed that the vote may be reconsidered and disallowed before the rezoning actually took place.

Furthermore, to the extent that the Mickelsens argue that the second zoning vote was improper because it took place without the Board of Commissioners first receiving any additional written recommendation from the Planning Board, this argument fails because it is premised on the mistaken concept that the rezoning took place after the first vote was cast. For the reasons discussed above, the first vote was not conclusive of

11

the zoning status of the Mickelsens' property, and, therefore, no additional recommendation was required before the Board of Commissioners moved to reconsider that vote.

### 3. Comprehensive Land Use Plan

Finally, in support of their argument that the Board of Commissioners' second vote was outside the scope of North Carolina law, the Mickelsens assert that the Board failed to consider the Warren County Comprehensive Land Use Plan ("Comprehensive Plan") in violation of North Carolina General Statute § 153A-341. The pertinent statute requires that "zoning regulations shall be made in accordance with a comprehensive plan" and that the local governing board "adopt a statement describing whether its action is consistent with an adopted comprehensive plan." N.C. GEN. STAT. §153A-341. The Mickelsens argue briefly that because the Board of Commissioners did not adopt a statement explaining how the second vote was in accordance with the Comprehensive Plan, the second vote was invalid. However, the Mickelsens' argument falls flat considering that no statement was made by the Board of Commissioners before the casting of the first vote, either. By the Mickelsens' logic, neither vote, nor its outcome would be valid, and, thus, the property would have remained zoned Residential.

Because the Mickelsens' property was not rezoned after the first vote, the Board of Commissioners was free to exercise Rule 20(b)(12) of the Warren County Rules of Procedure and move to reconsider its first vote before the adjournment of the meeting. Therefore, where the North Carolina General Statutes allow for Warren County to effect its own Rules of Procedure as well as the procedures for amending its Zoning Ordinance, and where the County acted within both strictures, the County cannot be said to have

12

acted outside, or in violation of, either North Carolina law or its own procedural process.

In sum, this court finds that the Board of Commissioners followed both the applicable North Carolina statutory mandates and the county's amendment procedures for zoning and, therefore, ALLOWS Warren County's motion for summary judgment as to the Mickelsens' state statutory law claims and DENIES the Mickelsens' motion for summary judgment as to the same.

## B. Arbitrary and Capricious Review

Next, the Mickelsens argue that the decision made by the Board of Commissioners not to rezone their property as Neighborhood Business was arbitrary and capricious as a matter of law. The Mickelsens contend that there is no possibility that *both* the first vote to rezone the land, and the second, not to rezone the land, could be rational choices by the Board when no additional evidence was provided to the Board in the time between the two votes. In making legislative decisions, however, it often is possible that one set of facts could lead to two, although distinct, rationally based legislative outcomes. *See, e.g., Ashby v. Town of Cary*, 588 S.E.2d 572, 574 (N.C. Ct. App. 2003)("A reviewing court is not free to substitute its opinion for that of the legislative body so long as there is some plausible basis for the conclusion reached by that body."). The question is not whether this court would have voted the same way as the Board of Commissioners, but whether the Board's result was consistent with the goals of the Zoning Ordinance and Comprehensive Plan of Warren County. *See* N.C. GEN. STAT. §153A-341.[3]

---

[3] Prior to adopting or rejecting any zoning amendment, the governing board shall adopt a statement describing whether its action is consistent with an adopted comprehensive plan and

13

As the County points out, both votes here were, in fact, consistent with such goals. Voting for the rezoning was consistent with encouraging commercial development, and voting against the rezoning was consistent with maintaining the integrity of existing land use patterns as espoused by the Comprehensive Plan[4] and argued by the Mickelsens' neighbors at the meeting.[5] It is precisely because more than one outcome may be in accordance with the county zoning ordinance that North Carolina law proscribes courts from substituting their judgment for that of the Commissioners. *See, e.g., Childress v. Yadkin County*, 650 S.E.2d 55, 59 (N.C. Ct. App. 2007)(highlighting the importance of affording deference to the legislative body's decision). A zoning decision by a Board of Commissioners is a legislative act and, consequently, should be "afforded great deference by reviewing courts" such that this court "will not substitute its judgment for that of the legislative body." *Id.*

Therefore, to the extent that the record shows that the Board of Commissioners voted after considering the public's concerns about the rezoning and where those concerns involved factors permissibly considered when making zoning decisions under North Carolina General Statute §153A-341, this court declines to substitute its judgment for that of the Board of Commissioners, which is better suited to the decision. Accordingly, because this court finds that the decision of the Board not to rezone the

---

explaining why the board considers the actions taken to be reasonable and in the public interest. That statement is not subject to judicial review. *Id.*

[4] *See* Def. Resp. to Pl's. Mot. Sum J., Ex. 1 [DE-25].

[5] *See* Pl.'s Resp. to Def. Mot. Sum. J., Ex. B-3 [DE-26]. At the public meeting on July, 10, 2006, at least three neighbors of the Mickelsens spoke in opposition to the rezoning request, citing concerns, among others, that the zoning amendment would have on the lakeside property.

14

Mickelsens' property was not arbitrary and capricious as a matter of law, the Mickelsens' motion for summary judgment as to this claim is DENIED and Warren County's motion for summary judgment as to the same is ALLOWED.

**C. Due Process**

The Mickelsens also move for summary judgment as to their substantive due process claim. The plaintiffs base their argument on the premise that they had a protected property interest for at least the "short period of time" following the Board of Commissioners' first vote at the July 10, 2006 meeting, of which they were thereafter deprived in violation of their substantive due process rights. The Mickelsens correctly state that, in order to recover for such a violation, the plaintiff must prove: 1) a protected property right, and 2) that the defendant arbitrarily and capriciously deprived the plaintiff of that interest. *See Browning-Ferris Indus. v. Wake County*, 905 F. Supp 312, 317 (E.D.N.C. 1995). Whether a property right existed is governed by state law. *Biser v. Town of Bel Air*, 991 F.2d 100, 103 (4th Cir. 1993).

According to well established North Carolina law, a land owner has the right to use his property in any lawful manner as he sees fit. *See Davidson County Broad., Inc. v. Rowan County Bd. of Comm'rs*, 649 S.E.2d 904, 912 (N.C. Ct. App. 2007)(citing *Vance S. Harrington & Co. v. Renner*, 72 S.E.2d 838, 840 (N.C. 1952)). The Mickelsens argue, therefore, that they had a protected property right to use their land for its "allowed purposes while zoned Neighborhood Business," during the time between the two votes at the July 10, 2006 meeting. Pl.'s Mot. Summ. J. at p. 24 [DE-20]. As explained in detail above, however, applicable North Carolina law and the Zoning Ordinance of Warren County both indicate that the Mickelsens' property was not

15

rezoned after the first vote was cast by the Board of Commissioners. Thus, while the Mickelsens are correct that a protected right exists to use property as zoned, their property was never rezoned to Neighborhood Business, and, therefore, they had no protected right to use it as such.

Accordingly, the Mickelsens' substantive due process claim is premised on a condition precedent that was not met in this case, namely, a rezoning of their property at the July 10, 2006 meeting. Moreover, even assuming arguendo that the Mickelsens' property was rezoned at the July 10, 2006 meeting, North Carolina law makes clear that no property right vests unless and until the landowner, in good faith, "make a substantial beginning of construction and incur therein substantial expense." *See Russell v. Guilford County*, 397 S.E.2d 335, 336 (N.C. Ct. App. 1990)(citing *Town of Hillsborough v. Smith*, 170 S.E.2d 904, 909 (N.C. 1969)). The Mickelsens do not argue, nor is there any evidence on the record, that they made any step in reliance on the rezoning they believed to have occurred at the meeting.

Therefore, because there was no protected property interest of which to be deprived, the Mickelsens' claim for a violation of their substantive due process rights under 42 U.S.C. § 1983 fails as a matter of law and their motion for summary judgment as to that claim is hereby DENIED. Conversely, because there are no genuine issues of material fact, Warren County's motion for summary judgment as to the same issue is ALLOWED.

### D. Equal Protection

Finally, Warren County moves for summary judgment as to the Mickelsens' Equal Protection Claim under the Fourteenth Amendment of the U.S. Constitution. The

16

Mickelsens allege in their complaint that the County's decision not to rezone their property as Neighborhood Business amounts to a violation of the Equal Protection Clause because "Plaintiffs are similarly situated to property owners in the County jurisdiction with respect to . . . actions taken with respect to zoning and planning." Compl. ¶ 27 [DE-1].

In order to overcome the County's motion for summary judgment, the Mickelsens must show that their property was similarly situated to others whose petitions for rezoning were approved, as well as purposeful discrimination on the part of the County in denying their individual petition. *See Sunrise Corp. of Myrtle Beach v. The City of Myrtle Beach*, 420 F.3d 322, 329 (4th Cir. 2005). Although Mr. Mickelsen alleged in his deposition that other petitions for rezoning from Residential to Neighborhood Business in his area had been approved, he was unable to give any specifics regarding the nature of those petitions other that the names and general locations of those parcels of land. *See* P. Mickelsen Depo. pp. 62-64, Pl.'s Mot. Summ. J., Ex. 8 [DE-20]. Furthermore, even though the Mickelsens cite to minutes of meetings where other petitions were granted, the record does not reveal whether or how the properties were similarly situated to that of the Mickelsens. Moreover, as the Fourth Circuit has explained,

> Even if we were to determine that plaintiff's project was similarly situated to other projects, they would still need to show purposeful discrimination. If disparate treatment alone was sufficient to support a Constitutional remedy then every mistake of a local zoning board in which the board mistakenly treated an individual differently from another similarly situated applicant would rise to the level of a federal Constitutional claim.

*Sunrise Corp.*, 420 F.3d at 329.

Similar to the plaintiffs in *Sunrise*, here there is no evidence in the record that the Mickelsens were subjected to "purposeful, invidious discrimination" in the denial of their zoning petition. *See id.* Instead, just as was the case in *Sunrise,* the evidence in the instant case shows "that the public was opposed to the project . . [and] . . evidence that the Board . . . responded does not rise to the level of a Constitutional violation." *See id.*[6] Therefore, as the Fourth Circuit has made clear, the mere fact that the Mickelsens have alleged that they were treated differently from their similarly situated neighbors, even "without an adequate evidentiary basis for the differing treatment," does not give rise to a claim for a violation of equal protection. *See id.*, (citing *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 120, 122 (4th Cir. 1995)).

Accordingly, because the Mickelsens have failed to allege any facts showing purposeful discrimination by Warren County in the denial of their petition for rezoning, Warren County's motion for summary judgment as to the Mickelsens' claim under 18 U.S.C. § 1983 for a violation of Equal Protection is ALLOWED.

## V. CONCLUSION

Based on the foregoing, it is therefore ORDERED that the Mickelsens' Motion to Amend/Correct Plaintiffs' Motion to Supplement Response Brief and Response to Defendant's Request to Strike Documents [DE-32] is ALLOWED, the Mickelsens' Motion for Summary Judgment [DE-20] is DENIED, and Warren County's Motion for

---

[6] At the July 10, 2006 Board of Commissioners meeting, at least three community members spoke in opposition to the rezoning of the Mickelsens' property. *See* Pl.'s Resp., Ex. B-3 [DE-26].

18

Summary Judgment [DE-18] is ALLOWED in whole. Any other pending motions are DENIED as moot. The Clerk of Court is directed to close the case.

SO ORDERED.

This, the ___29___ day of November 2007.

_____
JAMES C. FOX
Senior United States District Judge