UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
CASE NO. 5:06-CV-360-F

| | |
|---|---|
| PAUL MICKELSEN and BARBARA MICKELSEN, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) **ORDER ON BILL OF COSTS** |
| WARREN COUNTY, NORTH CAROLINA, | ) ) ) ) |
| Defendant | ) |

This matter comes now before the undersigned on Warren County's ("Defendant") Request for Taxation of Costs. On November 29, 2007, the Court granted Defendant's motion for summary judgment. Thereafter, on December 13, 2007, Defendant filed for costs pursuant to Federal Rule of Civil Procedure 54(d) in the amount of $1,724.90. On December 27, 2007, Paul and Barbara Mickelsen ("Plaintiffs") filed a response in opposition to Defendant's request for taxation of costs. On June 18, 2008, the Fourth Circuit Court of Appeals dismissed Plaintiffs' appeal. The matter is now ripe for determination.

Defendant seeks to recover transcript fees in the amount of $1,724.90. Defendant has provided invoices for the court reporter services. Defendant's Motion for Costs, [DE 50]. Section 1920(2) permits the costs incurred in taking depositions for use in the case. 28 U.S.C. § 1920(2). The costs are recoverable if the "taking of a deposition is reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Federal Savings and Loan Association*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065. In the Memorandum of Law in Support of Motion for Summary Judgment, Defendant referred to several depositions mentioned in the invoices. [DE. 17].

1

Thus, the Clerk determines that the taking of the depositions was necessary and allows the requested fees in the amount of $1,724.90.

In Response to Defendant's Motion for Costs, Plaintiffs argue that the Clerk should not award costs because (1) the case involved "close and difficult issues of law," (2) the action was brought in good faith, and (3) Defendant is "in a better position to absorb th[e] costs." [DE. 51.] The closeness or difficulty of a case is a factor to consider when awarding costs. *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)[1]; *see also Teague v. Bakker*, 35 F. 3d 978, 996 (4th Cir. 1994) (citing *White & White* for the same proposition). Good faith is "a relevant but insufficient basis for denying costs." *White & White*, 786 F.2d at 730. The ability of the prevailing party to pay costs of litigation is an "inappropriate factor when determining whether to deny costs." *Id.*

The Clerk determines that the instant case was not close and difficult. The District Court found that Plaintiffs claims created no genuine issues of material fact and failed as a matter of law. Order Granting Summary Judgment for Defendant, [DE 48]. Good faith alone does not warrant a denial of costs to the prevailing party. *Id.*

Accordingly, the Bill of Costs is ALLOWED and taxable against Plaintiffs in the amount of $1,724.90.

SO ORDERED this the ____18th____ day of July, 2008.

Dennis P. Iavarone, Clerk of Court

---

1. The case cited in Plaintiffs' Response to Defendant's Motion for Costs, *Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund*, 760 F. Supp. 665 (D.C. Mich. 1991), relies on *White & White*. *See Allstate Ins. Co. v. Michigan Carpenters' Council,* 760 F. Supp. at 670 (D.C. Mich. 1991).

2